UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.                                            Case No. 8:19-mc-77-T-30AEP

CHARLES IRIZARRY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Pursuant to Section 20(c) of the Securities Exchange Act of 1933 (the "Securities Act"), 15 U.S.C. § 77t(c), and Section 21(e) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(e), Plaintiff Securities and Exchange Commission (the "Commission") submitted an application for a judgment enforcing compliance with an order issued by the Commission (Doc. 1). In the underlying administrative proceeding, *In re Charles Irizarry*, Securities Act Rel. No. 9701, Exchange Act Rel. No. 74068, Admin. Proceeding File No. 3-16341 (Jan. 15, 2015), Defendant Charles Irizarry ("Irizarry") consented to the entry of a Commission order entered against him on January 15, 2015 (the "Commission Order"), without admitting or denying the findings contained therein, except as to the Commission's jurisdiction over him, the subject matter of the proceedings, and the treatment of debts arising from the Commission Order (Doc. 1-1, Ex. 1). The Commission Order included the following:

    a.    Found that Irizarry willfully violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a)(1);

    b.    Directed Irizarry to cease and desist from continuing or causing any violations or future violations of Section 17(a) of the Securities Act;

  c. Imposed a five-year bar on Irizarry from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, or that is required to file reports pursuant to 15(d) of that Act;

  d. Imposed a five-year bar on Irizarry from participating in any offering of a penny stock, including: acting as a promoter, finder, consultant, agent, or other person who engages in activities with a broker, dealer, or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock; and

  e. Ordered Irizarry pay disgorgement of $6,000; prejudgment interest of $337.85; and a civil penalty of $12,000.

(Doc. 1-1, Ex. 1). Irizarry agreed to an installment payment plan, but, as of the date of the application, Irizarry had not made any payment, and the entire balance, along with additional interest, remained due and owing to the Commission.

By its application, the Commission therefore seeks to enforce compliance by Irizarry with the Commission Order (Doc. 1). With respect to the current application, Irizarry consents to entry of a judgment by this Court enforcing compliance with the Commission Order and agrees that all of the allegations contained in the application and the Commission Order are true (Doc. 1-1, at ¶¶6 & 11).[1] After consideration, and for the reasons stated in the Commission's application, it is hereby

RECOMMENDED:

1. The Commission's application (Doc. 1) be GRANTED.

2. Pursuant to Section 20(c) of the Securities Act and Section 21(e) of the Exchange Act, Irizarry be directed to comply with the Commission Order by paying disgorgement in the amount of $6,000; prejudgment interest in the amount of $337.85; and a civil penalty of $12,000 together with additional post-order interest pursuant to 17 C.F.R. § 201.600 and 31 U.S.C. §

---

[1] In doing so, Irizarry also explicitly waived the entry of findings of fact and conclusions of law pursuant to Rule 52, Federal Rules of Civil Procedure (Doc. 1-1, at ¶8).

3717, accruing from the date of the Commission Order to the entry of final judgment in this action.

      3. Within fourteen days of entry of final judgment in this action, Irizarry be directed to pay the above amounts to the Commission. Payment may be made electronically to the Commission, which should be directed to provide detailed ACH transfer/Fedwire instructions upon request made to Disgorgement-Penalty@sec.gov and/or (202) 551-7940. Payment may also be made directly from a bank account via Pay.gov through the SEC website at https://www.sec.gov/paymentoptions. Irizarry may also pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to the final judgment entered in this action. The funds may also be hand-delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> HQ Bldg., Room 181, AMZ-341
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

Payments must be accompanied by a cover letter identifying Irizarry as the defendant in this action, the name of this Court, and the docket number of this action. A copy of the cover letter and payment confirmation must be sent to the following:

> Elizabeth Goody
> Securities and Exchange Commission
> New York Regional Office
> 200 Vesey Street, Suite 400
> New York, NY 10281

      4. Irizarry be notified that, by making such payment, Irizarry will relinquish all legal and equitable right, title, and interest in such funds, and no portion of such funds shall be returned to Irizarry.

5. The Commission be directed to send funds received to the United States Treasury.

6. Irizarry be directed to pay the Commission post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

7. Irizarry be notified that, if Irizarry does not pay the above amounts, the Commission may enforce the final judgment entered in this action through the remedies available by law to collect the unpaid balance. Such remedies include:

> a. With respect to disgorgement and prejudgment interest, civil contempt proceedings, all collection procedures authorized by Rule 69(a), Federal Rules of Civil Procedure, and the state law remedies incorporated therein, including but not limited to the remedies delineated in the New York Civil Practice Law and Rules and the New York Debtor and Creditor Law;
>
> b. With respect to the civil penalty, all collection procedures authorized by the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308 (including the 10% surcharge authorized by 28 U.S.C. § 3015); and
>
> c. With respect to all amounts due, all offset rights pursuant to the Treasury Offset Program.

8. To preserve the deterrent effect of the civil penalty, amounts ordered to be paid as civil penalties pursuant to the final judgment entered in this action be treated as penalties paid to the government for all purposes, including all tax purposes.

9. The Court retain jurisdiction of this matter for purposes of enforcing the final judgment entered in this action.

IT IS SO REPORTED in Tampa, Florida, this 2nd day of July, 2019.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

cc:   Hon. James S. Moody, Jr.
      Counsel of Record